Paul J. Monsell, Esq. Village Attorney, Mamaroneck
You ask whether special patrolmen serving the Village of Mamaroneck have the powers of police officers.
Section 5711-q of the Unconsolidated Laws governs the employment of policemen and the establishment of police departments in all villages in Westchester County. Villages in the County are authorized to appoint citizens to serve as special patrolmen (Unconsolidated Laws, § 5711-q [22]). These special patrolmen are unpaid and are appointed in the event of riot, pestilence or invasion, for election day or for a day of public celebration (ibid.). They are appointed for a specified time and are "vested with all the powers and privileges and perform all the duties of patrolmen in the regular police force of the village" (ibid.). Regular policemen "shall have all the powers and be subject to the duties and liabilities of constables of towns in serving process in any civil action or proceeding. Said policemen shall have power to execute any warrant or process issued by justices of the peace of Westchester County" (id.,
§ 5711-q [16]).
We conclude that your village's special patrolmen are not police officers. The language conferring the powers of patrolmen in the regular police force upon special patrolmen in Westchester County dates back to 1939 (chapter 300 of the Laws of 1939 added Article 7-A to the Village Law) and was simply transferred intact to the Unconsolidated Laws in 1972 (L 1972, ch 891). In 1939 there was no common definition of police officer or language of similar meaning in the Code of Criminal Procedure. Statutes such as the Westchester County Act regulated police officers in particular municipalities (1939 Code of Criminal Procedure, § 100). Since the original Act in 1939, a general definition of the term police officer has evolved and the Legislature has defined law enforcement powers that may be exercised only by peace officers or police officers (Criminal Procedure Law, §§ 1.20[34] [d] and e.g. 120.10, 140.10, 140.25). Police officers and certain peace officers may lawfully carry firearms (id., § 265.20 [a] [1b]). To be eligible for appointment as a police officer, age, physical and training standards must be met (Civil Service Law, § 58; General Municipal Law, § 209-q; Executive Law, §§ 840, 841). We do not believe the Legislature intended that these part-time volunteers called special patrolmen inherit the current powers of police officers. Section 5711-q (22) of the Unconsolidated Laws has been superseded by these later enactments to the extent that it gives your special patrolmen powers expressly reserved to police officers.
We conclude that your village's special patrolmen are not peace officers since they are not included in the exclusive list of peace officers in section 2.10 of the Criminal Procedure Law. It is clear from the beginning language of section 2.10 of the Criminal Procedure Law (added by chapter 843 of the Laws of 1980) that the list of peace officers is exclusive:
 "Notwithstanding the provisions of any general, special or local law or charter to the contrary, only the following persons shall have the powers of, and shall be peace officers: * * *".
With the enactment of chapter 843, the Legislature has removed peace officer status from any officer possessing it under prior law but not now included in the list of peace officers in section 2.10 of the Criminal Procedure Law.
We conclude that special patrolmen in villages in Westchester County are neither police officers nor peace officers. They may not exercise the powers of police officers or peace officers including the power to carry firearms.